SAMUEL T. SCOTT, plaintiff in error, *vs.* HARRIETT M. TAY-
LOR *et al.*, defendants in error.

1. S. brought ejectment against T. Defendant's wife, Mrs. T., filed her bill,
   alleging that S., who was her brother, had purchased the land for her, un-
   der an agreement to give his notes for the purchase money and take title in
   his own name until such money should be paid; that, in the meantime,
   she and her family were to have possession of the property during her
   natural life, and at her death it should go to her children; that they went
   into possession in 1858, and so remained to the present time without other
   interruption than this suit, commenced in 1873; and that all the purchase
   money had been paid. The prayer was that the ejectment suit be enjoined
   and S. decreed to convey title to complainant and her children under the
   aforesaid agreement :
*Held*, that a demurrer to this bill, for want of equity, was properly overruled.
2. Under the above state of facts, the two cases being tried together, a ver-
   dict is too general which provides that upon the payment of a certain sum
   by complainant to defendant, the latter should execute and deliver to the
   former " a deed in fee simple to the premises in dispute." Notice should
   be taken of complainant's life-tenancy and of the remainder.
3. Where the jury had not awarded to defendant the full amount of interest
   to which he was entitled, it was error in the court to order a new trial con-
   ditioned upon the failure of the complainant to pay such additional amount
   of interest. The defendant was entitled to a new trial generally.

Equity. Verdict. Interest. New trial. Before Judge
HALL. Rockdale Superior Court. April Term, 1876.

Reported in the decision.

CLARK & PACE; GEORGE W. GLEATON, for plaintiff in
error.

J. J. FLOYD, for defendant.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this
case, that Scott brought an action of ejectment against Alford
Taylor to recover the possession of a certain described lot or
parcel of land in the town of Conyers, Rockdale county.
Pending the action of ejectment, Mrs. Harriet Taylor, the
wife of the defendant therein, filed her bill on the equity side

of the court, in which she alleged, in substance, that the land in dispute was purchased by Scott, who was her brother, from Alman, for the sum of $332 17, under an agreement that Scott should give his notes for the purchase money, with his father as security, and take a deed in his own name until the purchase money should be paid, and, in the meantime, she and her family were to have possession of the property, and to hold it during her natural life, and then it was to go to her children, her husband, Alford Taylor, being insolvent. According to this agreement, on the 15th of November, 1858, Alman conveyed the land to Scott by deed, complainant and her family going into possession of the same with the knowledge and consent of Scott, and have remained in the uninterrupted possession of the same until the commencement of Scott's action of ejectment in July, 1873. The complainant further alleges that she has paid all the purchase money due for said land, the holder of the claim kindly consenting to receive one-half of the amount thereof in full payment, amounting to the sum of $165 00. Wherefore complainant prayed that Scott might be enjoined from prosecuting his said action of ejectment and be decreed to execute a deed of conveyance to the complainant and her children to the land, in accordance with the aforesaid alleged agreement. By consent of the parties the bill and the common law action of ejectment were tried together. At the trial of the case Scott made a motion to dismiss the complainant's bill, which was overruled by the court, and Scott excepted.

The trial then proceeded, when there was a good deal of evidence introduced by the respective parties, which was conflicting. The jury, under the charge of the court, found a verdict in favor of the defendant in the ejectment suit, and found the following verdict in the equity cause: "We, the jury, find and decree in favor of the complainant, Harriet Taylor. We find and decree that complainant, Harriet Taylor, do pay or cause to be paid, on or before the 15th day of November next, (1876) to the defendant, Samuel Scott, the sum of $90 00 principal, and the sum of $25 20 interest there-

on, and the further sum of $25 00 for tax paid by said defendant on the premises in dispute, and the sum of $3 50 interest thereon, these several sums making together the sum of $143 70. And we further find and decree that on the payment of said sum of $143 70, the said defendant, Samuel Scott, execute and deliver to the complainant a deed in fee simple to the premises in dispute."

A motion was made for a new trial on various grounds, amongst others, that the court erred in not dismissing complainant's bill at the hearing, because the verdict of the jury did not cover all the issues submitted to them, and because the amount of interest found in favor of the defendant, on the money advanced by him, was erroneous under the evidence. In disposing of the motion for a new trial, the court held that the verdict was erroneous as to the amount of interest allowed the defendant under the evidence, and granted a new trial on that ground, unless the complainant should, within ten days from notice of the judgment, pay to the defendant, or deposit with the clerk of the court for him, $22 57, that being the difference between what the verdict was and what it should have been, in the opinion of the court, under the evidence, and if so paid or deposited, then a new trial should be refused, and overruled the motion for a new trial on all the other grounds contained therein; whereupon the defendant excepted, and assigns the same as error.

1. In view of the allegations contained in the complainant's bill, there was no error in the refusal of the court to dismiss it at the hearing.

2. The verdict of the jury was wrong, inasmuch as it did not find that the complainant was only entitled to a life estate in the land, and that her children were entitled to it after her death, in accordance with the terms of the agreement alleged in complainant's bill; whereas, the verdict vests the title to the land in the complainant alone, wholly ignoring the rights of her children, after her death, under the alleged agreement as set forth in her bill. If the complainant was entitled to a

specific execution of that agreement the verdict should have been in accordance with its terms, and not otherwise.

3. The court decided that the defendant was legally entitled to a new trial under the evidence in the record, but deprived him of that right without his consent, by requiring the complainant to pay the amount for which the court, in its opinion, thought the verdict should have been. In other words, the court made the verdict under the evidence instead of the jury, and required the defendant to assent to it, or his legal right to a new trial should be denied to him. The defendant refused to assent to the condition imposed on him by the court and insisted upon his legal right to a new trial. According to the ruling of this court in *Jones vs. The Water Lot Company,* 18 *Georgia Reports,* 539, the judgment of the court below was error.

Let the judgment of the court below be reversed.